UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SERELL BUTTS,

                Plaintiff,                    Case No. 2:12-cv-48

v.                                         Honorable Gordon J. Quist

RICHARD M. MCKEON, et al.,

                Defendants.

_____/

## OPINION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

      Plaintiff Serell Butts, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names MDOC Director Richard McKeon, Assistant Resident Unit Supervisor John L. Burke, Resident Unit Manager W. Delene, Warden Michael Curley, Deputy Warden L. Larson, Assistant Deputy Warden W. Jondreau,

Assistant Resident Unit Supervisor Unknown Gerard, and Assistant Resident Unit Supervisor Unknown Govern as Defendants.

In his complaint, Plaintiff alleges that staff is refusing to allow him to possess his personal television, despite the fact that he is not serving a sanction of LOP (loss of privileges). In grievance number AMF 10080379527C, Plaintiff complained that his LOP sanctions had ended on August 24, 2010, and that he would like to have his television returned to him, but had been told that he could not have his television until he attained stage 4 in the incentives in segregation program (IISP). Plaintiff contends that he has chosen not to participate in the program, but that the administration is forcing prisoners into the program without their consent. (Plaintiff's Exhibit A, docket #1-1, p. 1 of 9.)

Plaintiff also filed grievance number AMF 1109343527C regarding this restriction and in the step II response, Defendant Curley noted:

> Your step two grievance appeal has been reviewed. Director's Office Memorandum 2011-6 was issued by the Director to revise the existing policy directive, PD 04.05.120, *Segregation Standards*. One of the revisions is that the Deputy Director shall ensure that a manual is maintained detailing the operation of the Incentives in Segregation Program. The DOM clarifies that prisoners shall be provided with or allowed to possess the property, programs, and activities identified in PD 04.05.120 unless restricted in keeping with that directive or due to disciplinary sanctions. The DOM goes on to state that appliances, e.g., televisions, radios, shall be permitted only as identified in the manual.
>
> The manual, which derives its authority as above, allows for personal televisions at Stage 4 of the program. Your claim that you are being forced to participate is not supported in fact. Prisoners are not *forced* to participate but shall only receive the incentives at each stage as stated in the manual, as noted above. By and through your own behavior, you remain at Stage 3 of the program. As such, and in keeping with the DOM which clarifies 04.05.120, you are not authorized to possess your personal appliances.

(Plaintiff's Exhibit D, docket # 1-4, p. 2 of 7.)

Plaintiff attaches a copy of the Incentives in Segregation Program (IISP) Manual, which states that the program uses a six stage progression of expectations and incentives to encourage prisoners to demonstrate appropriate behavior.  The manual further states:

> Prisoners transferring into the facility who are not on LOP will be able to keep their appliances (e.g. televisions, radios).  However, if they demonstrate negative behavior that leads to a lower stage, or incur a misconduct resulting in LOP, then their appliances will be removed and they must reach stage 4 to be <u>eligible</u> to receive their appliances back.

(Plaintiff's Exhibit F, docket #1-5, p. 9 of 14.)  The manual indicates that the program is voluntary, but is highly recommended.  (Plaintiff's Exhibit F, docket #1-5, p. 1 of 14.)

Plaintiff asserts that the refusal to allow him to possess his personal television set when he is not on sanctions pursuant to the IISP violates his Fourteenth Amendment due process rights.  Plaintiff seeks damages and declaratory relief.

## Discussion

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct.

at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he has not agreed to participate in the incentives in segregation program (IISP), and that applying the requirements of the program to him in order to prevent him from possessing his television set is a violation of his rights.  Plaintiff attaches a copy of the program manual which states that prisoners transferring into the facility who are not on LOP (loss of privileges) may keep their appliances unless they demonstrate negative behavior that leads to a lower stage, or incur a misconduct resulting in LOP, then their appliances will be removed and they must reach stage 4 to be eligible to receive their appliances back.  As noted above, Plaintiff lost possession of his television set due to being placed on LOP.  When he finished serving his LOP, he

was instructed that pursuant to the IISP, he could not possess his television until he attained stage 4 of the program.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claims involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995).

Here, Plaintiff's sole claim is that Defendants are improperly refusing to allow him to possess his television set until he attains stage 4 status in the IISP. Such a concern does not constitute an atypical and significant hardship. Therefore, the allegations set forth in Plaintiff's complaint fail to rise to the level of a due process violation.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 8, 2012                                  /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE